UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COURTNEY CARADINE, | Case No. 2:23-cv-00511-ART-EJY |
| Plaintiff, | **ORDER and** |
| v. | **REPORT AND RECOMMENDATION** |
| CLARK COUNTY DETENTION CENTER, *et al.*, | |
| Defendants. | |

Pending before the Court are Plaintiff's *in forma pauperis* application and Civil Rights Complaint.  ECF Nos. 1, 1-1.  Plaintiff, an inmate, failed to submit the financial attachments necessary to proceed *in forma pauperis* ("IFP").  Even if Plaintiff has not been incarcerated for a full six months, Plaintiff must still submit a financial statement and an inmate account statement for the dates she has been at the facility.  28 U.S.C. § 1915(a)(2); Local Rule LSR 1-2.  However, rather than recommend dismissal of this matter based on an incomplete IFP application alone, the Court exercised its inherent authority to review the Complaint.  The Court recommends dismissing this entire matter, without prejudice and with leave to amend giving Plaintiff the opportunity to either file a complete IFP application or pay the filing fee and file an amended complaint.

**I.      SCREENING THE COMPLAINT**

Under the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  *Id.*  However, *pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  The Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its

deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

A.   Background.

Plaintiff asserts that after her arrest and booking into the Clark County Detention Center ("CCDC"), her personal property was taken to be inventoried, but she received no receipt for her property. ECF No. 1-1 at 3. Plaintiff says she was not allowed to retrieve her property until December 15, 2022, at which time Plaintiff says she authorized her aunt to get her items. *Id.* On December 21, 2022, Plaintiff contends she was transported from CCDC to High Desert State Prison ("HDSP") with her Nevada identification card and miscellaneous personal papers in her possession; Plaintiff says the remainder of her property remained at CCDC. *Id.*

Plaintiff claims her aunt attempted to retrieve Plaintiff's property from CCDC, but was told the property was transported to HDSP. *Id.* Plaintiff says her aunt was given false information, and Plaintiff has no idea what has happened to her personal property. *Id.* Plaintiff asserts her constitutional rights were violated when CCDC was negligent or derelict in its duties with respect to

her property. Plaintiff seeks an award of $15,000 in punitive damages against Defendants as well as $30,000 in compensation for the loss of property that had sentimental value. *Id.* at 3-4.

B.    The Court Recommends Dismissal With Prejudice of Plaintiff's Claim Against CCDC.

The Clark County Detention Center is a building and is therefore not an entity subject to suit. *Ellis v. Clark County Detention Center Med.*, Case No. 2:19-cv-00320-JAD, 2019 WL 6828296, at *2 (D. Nev. Dec. 12, 2019). Because amendment would be futile, the Court recommends dismissal with prejudice of Plaintiff's claim against CCDC.

C.    The Court Recommends Dismissal Without Prejudice of Plaintiff's Claim Against the Las Vegas Metropolitan Police Department (the "LVMPD").

A plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 cannot do so arguing respondeat superior. Instead, a plaintiff must allege that her constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted).

An authorized, intentional deprivation of personal property by a state actor is actionable under the Due Process Clause of the Fourteenth Amendment. *Johnson v. Berndt*, Case No. 2:20-cv-00150-JAD-EJY, 2020 WL 7408720, at *3 (D. Nev. Dec. 17, 2020), *citing Daniels v. Williams*, 474 U.S. 327, 331 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984) (holding the intentional destruction of an inmate's property to be actionable under § 1983). Such a deprivation is one carried out according to established state procedures, regulations, or statutes. *Id. citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *Miller v. LVMPD*, Case No. 2:17-cv-02021-RFB-NJK, 2019 WL 9197834, at **6-7 (D. Nev. Mar.

21, 2019) (allowing a deprivation of property claim under the Due Process Clause to proceed against two LVMPD officers allegedly acting in accordance with LVMPD custom).

An unauthorized, intentional deprivation of personal property by a state actor is not actionable under the Due Process Clause if there is a meaningful post-deprivation remedy to recover for the loss. *Id. citing Hudson*, 468 U.S. at 532. Nevada law provides for civil actions to address the wrongful deprivation of property by state and local officials. *See* NRS 41.0322. Plaintiff may seek redress in the state system for such acts, but she cannot sue in federal court on the claim that defendants deprived her of property without due process of the law. *Rean v. City of Las Vegas*, Case No. 2:10-cv-01094-RLH-RJJ, 2010 WL 4942029, at *5 (D. Nev. Nov. 29, 2010). The negligent deprivation of personal property by a state actor is not actionable under the Due Process Clause. *Johnson*, 2020 WL 7408720, at *3, *citing Daniels*, 474 U.S. at 336.

Because Plaintiff states no constitutional violation, she cannot state a claim against LVMPD under *Monell*. For this reason, Plaintiff fails to state a claim against the LVMPD. However, Plaintiff may be able to plead with more factual specificity in order to state a claim for which relief may be granted; thus, the Court recommends Plaintiff's claims against LVMPD be dismissed without prejudice and with leave to amend.[1]

## III.   ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that to proceed with a complaint in federal court, Plaintiff must either pay the $402 filing fee for a civil action or file with the Court: (1) a complete **Application to Proceed *in Forma Pauperis* for Inmate** on the Court's approved form; (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

---

[1]   The Court notes Plaintiff references a "Property Room Clerk at CCDC" who works as an employee of the LVMPD. ECF No. 1-1 at 2. There are no allegations in the remainder of Plaintiff's Complaint regarding this unnamed individual. The Court reminds Plaintiff that to state a claim upon which relief may be granted, more than simple legal conclusions must be provided. *Twombly*, 550 U.S. at 555.

1    IT IS FURTHER ORDERED that failure to either pay the $402 filing fee or file a complete

2    application to proceed *in forma pauperis* will result in a recommendation to dismiss this action

3    **without prejudice**.

4    **IV.    RECOMMENDATION**

5    IT IS HEREBY RECOMMENDED that Plaintiff's claim against the Clark County Detention

6    Center be dismissed with prejudice as amendment is futile.

7    IT IS FURTHER RECOMMENDED that Plaintiff's claim against the Las Vegas

8    Metropolitan Police Department be dismissed without prejudice and with leave to amend.

9    IT IS FURTHER RECOMMENDED that if Plaintiff chooses to do so, she **must** file an

10    amended complaint no later than **May 15, 2023**.  The amended complaint must be titled "FIRST

11    AMENDED COMPLAINT" and must allege all facts and all claims Plaintiff seeks to assert.  The

12    Court cannot refer back to Plaintiff's original Complaint when determining if the amended complaint

13    states a claim.

14    IT IS FURTHER RECOMMENDED that Plaintiff's failure to timely comply with this

15    Recommendation may result in a further recommendation to dismiss this action in its entirety.

16    DATED this 11th day of April, 2023.

17

18    ELAYNA J. YOUCHAH
      UNITED STATES MAGISTRATE JUDGE

19

20    **NOTICE**

21    Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

22    in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has

23    held that the courts of appeal may determine that an appeal has been waived due to the failure to file

24    objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

25    held that (1) failure to file objections within the specified time and (2) failure to properly address

26    and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

27    factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

28    1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).